UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MORENO,<br>CDCR #AP-8200,<br><br>                                 Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, Warden;<br>Dr. R. WALKER, DO,<br>Dr. TRI LUU, MD;<br>Dr. DANNY BATES, MD,<br>                                Defendants. | Case No.: 3:17-cv-01449-CAB-KSC<br><br>**ORDER:**<br><br>**1) SUA SPONTE DISMISSING DEFENDANT PARAMO PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>**AND**<br><br>**2) ORDERING PLAINTIFF TO SERVE REMAINING PARTIES OR REQUEST U.S. MARSHAL SERVICE PURSUANT TO Fed. R. Civ. P. 4(c)(3)** |

      FRANCISCO MORENO ("Plaintiff"), currently incarcerated at the California Health Care Facility ("CHCF") in Stockton, California, and proceeding pro se, filed a civil rights Complaint against the Warden of Richard J. Donovan Correctional Facility ("RJD") (Paramo), and three RJD doctors (Walker, Luu, and Bates) pursuant to 42 U.S.C. § 1983, on July 17, 2017. *See* Compl., ECF No. 1.

      Plaintiff claims Defendants violated his Eighth Amendment rights, as well as his rights under the Americans with Disabilities Act ("ADA"), by failing to adequately

address, treat and/or accommodate his serious medical needs while he was incarcerated at RJD from January 2016 through September 2016. *Id.* at 2-22. He seeks both injunctive relief as well as compensatory and punitive damages. *Id.* at 25-26.

I.  **Procedural Background**

On August 10, 2017, the Court denied Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) because he did not attach a certified copy of his prison trust account statement for the 6-month period preceding the filing of his Complaint, as required by § 1915(a)(2). *See* ECF No. 3. The Court granted Plaintiff leave, however, to either prepay the full filing fee, or to file a properly supported IFP Motion within 45 days. *Id.* at 3-4. On November 16, 2017, Plaintiff paid the full filing fee, *see* ECF No. 4, and the Clerk of Court re-opened the case.

Plaintiff did not, however, simultaneously "present a summons to the clerk for signature and seal" pursuant to Fed. R. Civ. P. 4(a), nor has he requested that the Clerk issue a summons for service on any defendant. *Id.* "A summons must be served with a copy of the complaint," and the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). If the Plaintiff is granted leave to proceed IFP, "the officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Otherwise, plaintiff must request "that service he made by a United States Marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

II. **Screening pursuant to 28 U.S.C. § 1915A**

A.  <u>Standard of Review</u>

Regardless of service and IFP status, however, Plaintiff was at the time he filed his Complaint, and still remains, a "prisoner." "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1915A(c). *See also Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1284 (9th

2

3:17-cv-01449-CAB-KSC

Cir. 2017) (citing 28 U.S.C. § 1915(h), 1915A(c); 42 U.S.C. § 1997e(h)).

Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas*, 856 F.3d at 1283 (quoting 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).[1]

Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting

---

[1] A similar screening would be required if Plaintiff successfully moved to proceed IFP. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's Allegations

Plaintiff claims that beginning on January 1, 2016, he reported trouble breathing, chest pain, and felt a stent in his throat "was moving up and down." *See* Compl., ECF No. 1 at 3. Plaintiff was evaluated by Dr. Bates, and admitted to a Sharp Hospital emergency room the next day, where he remained until January 9, 2016, and was treated for COPD, pneumonia, bronchitis, and an upper respiratory infection. *Id.* at 5. After his release, Plaintiff claims unidentified RJD medical official failed to provide the medication recommended by his physicians at Sharp, and he continued to experience difficulty breathing. *Id.* at 5-7.

Plaintiff was again evaluated by Dr. Luu on January 21, 2016, and requested hospitalization, but Luu determined it was "not an emergency" and instead referred Plaintiff to the "TTA" medical clinic. *Id.* at 8. That night, however, Plaintiff "passed out in [his] cell," was transported to Sharp Hospital in Chula Vista, and on January 22, 2016, transferred to the ICU at UCSD where he stayed for 6 days and underwent a surgical tracheostomy. *Id.* at 11. On January 26, 2016, Plaintiff was again transferred to Alvarado Hospital for a "tracheal stenosis status post-removal of a stent which had migrated to the 'tree of [his] lungs.'" *Id.* Plaintiff was discharged on January 29, 2016, and returned to RJD. *Id.* at 12.

On March 21, 2016, however, Plaintiff again experienced trouble breathing, and requested an emergency request for transport back to the hospital from Dr. Walker, whom he claims is the "supervisor of all doctors." *Id.* at 12. Plaintiff was admitted to RJD's "(CTC) clinic infirmary" on March 24, 2016, and again evaluated by Dr. Luu, who tested his need for the "oxygen machine," and "continued to ignore" his requests and symptoms. *Id.* at 13. On March 25, 2016, Plaintiff again experienced shortness of breath and chest pain, and was transported to Sharp, then UCSD, where he underwent another surgery to implant a "tracheostomy tube." *Id.* at 15. Plaintiff was later transported from

UCSD to another "Vibra" Hospital on April 2, 2016, where he was treated and remained until May 2, 2016, when he was again returned to RJD, placed in the infirmary, and re-evaluated by Dr. Luu. *Id.* at 18.

On June 8, 2016, Plaintiff claims he filed a medical grievance, Log No. RJD-HC 16055502, alleging medical negligence. *Id.* at 19. On June 30, 2016, Dr. Luu informed Plaintiff that he would be "meeting with Dr. Walker," and on July 1, 2016, Dr. Luu told Plaintiff that Dr. Walker "decided to move [him] out of the infirmary," and into the "C" yard. *Id.* at 19. Plaintiff claims Drs. Luu and Walker violated the ADA by doing so, however, since he "was supposed to be in [a] high acuity medical unit" due to his "physical disabilities," and his need for a "wheelchair, oxygen machine, suction machine, breathing machine, [and] walker." *Id.* at 19-20.

Plaintiff was next transferred to Tri City Medical Center for four days beginning on July 21, 2016, after he was "coughing blood from [his] tracheotomy tube." *Id.* at 20. Plaintiff was informed on August 25, 2016, that his tube needed to be changed every 60 days, and Dr. Walker "want[ed] to do it … in the EOP clinic" at RJD. *Id.* at 20. Plaintiff objected, and was transported back to Tri City for 3 days. *Id.*

On August 28, 2016, Plaintiff requested he be returned to the infirmary, because dust caused by ongoing construction in RJD's "C' yard was exacerbating his condition. *Id.* at 21. On September 1, 2016, Plaintiff was told Dr. Walker was not moving him to the infirmary, but was instead transferring him to Building 13 "Gang Unit" #147, which is "not a medical building," and which had "no ADA cells." *Id.* at 21-22. On September 2, 2016, Plaintiff again coughed blood, experienced shortness of breath, reported chest pain, "passed out," and awoke in Tri City ICU, where he was again admitted for 5 days. *Id.* at 22.

Upon his return to RJD on September 8, 2016, Plaintiff was placed in the infirmary, where he was told on September 10, 2016, that he had been endorsed for a transfer to CHCF in Stockton. *Id.* at 22.

///

Plaintiff alleges Drs. Bates, Luu, and Walker all acted with deliberate indifference to his serious medical needs from January through September 2016 in violation of the Eighth Amendment and the ADA. *Id.* at 3, 19-20, 23.

C.  42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D.  Individual Liability – Warden Paramo

First, the Court notes that in addition to Drs. Bates, Luu, and Walker, Plaintiff has named the Warden of RJD, Daniel Paramo, as a Defendant. *See* Compl., ECF No. 1 at 1, 2. Nowhere in the body of his Complaint does Plaintiff include "further factual enhancement" which describes when, how, or to what extent, Defendant Paramo personally caused him any injury. *Iqbal*, 556 U.S. at 678. Instead, Plaintiff simply identifies Paramo as RJD's Warden, and never mentions him again. *See* ECF No. 1 at 2.

There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim).

Thus, as currently pleaded, Plaintiff's Complaint offers no factual detail from which the Court might reasonably infer a plausible claim for relief based on a violation of any constitutional right on the part of Warden Paramo. *Iqbal*, 662 U.S. at 678 (noting that Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-

me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'") (citation omitted). Therefore, the Court sua sponte dismisses Daniel Paramo, as a party to this action based on Plaintiff's failure to state a plausible claim against him. *See* 28 U.S.C. § 1915A(b)(1); *Wilhelm,* 680 F.3d at 1121.

### III. Service of Complaint on Remaining Defendants

As noted previously, Plaintiff filed his Complaint in this case on July 17, 2017, and paid the filing fee required by 28 U.S.C. § 1914(a) on November 16, 2017, after the Court denied his initial Motion to Proceed IFP. *See* ECF Nos. 3, 4.

The Court has now reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, and has determined that it fails to state a claim as to Warden Paramo. As to Drs. Bates, Luu, and Walker, however, the Court finds Plaintiff's pleading contains Eighth Amendment inadequate medical care claims sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. § 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (noting that deliberate indifference to a serious medical need under the Eighth Amendment "may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.") (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).

Therefore, because Plaintiff is *not* proceeding IFP in this case, he remains responsible for effecting service of the summons and Complaint upon Defendants Bates, Luu, and Walker within the 90 days permitted by Fed. R. Civ. P. 4(m). *See* Fed. R. Civ. P. 4(c)(1). The Rule 4(m) clock may be tolled while the Court screens a prisoner IFP complaint pursuant to 28 U.S.C. § 1915(e)(2) or § 1915A. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of

process") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996)).

## IV. Conclusion and Order

For the reasons discussed, the Court:

1) **DISMISSES** Defendant Paramo sua sponte based on Plaintiff's failure to state a claim against him pursuant to 28 U.S.C. § 1915A(b)(1), and **DIRECTS** the Clerk to terminate Paramo as a party in this matter; and

2) **ORDERS** Plaintiff within 30 days of the date of this Order to either:

a) File a written request that the Clerk issue a summons as to Defendants Bates, Luu, and Walker, so that he may effect service upon them within 90 days from the date the summons is issued pursuant to Fed. R. Civ. P. 4(b), (c)(1), and (m), ***or***

b) File a written request that the Court order service upon Defendants Bates, Luu, and Walker be effected on his behalf by a United States marshal or deputy marshal pursuant to Fed. R. Civ. P. 4(c)(3).

If Plaintiff fails to comply with this Order within the time provided, the Court will dismiss the remainder of this civil action without prejudice based on Plaintiff's failure to serve and/or prosecute pursuant to Fed. R. Civ. P. 4(m) and S.D. Cal. CivLR 41.1(a).

**IT IS SO ORDERED**.

Dated: January 25, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge

8

3:17-cv-01449-CAB-KSC